*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

WALTER DENEAL MASSENGILL,

        Defendant-Appellant.

UNPUBLISHED
April 22, 2021

No. 351349
Alpena Circuit Court
LC No. 18-008732-FC

Before: MURRAY, C.J., and MARKEY and LETICA, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) and (2)(b) (sexual penetration of person under 13 years of age by individual 17 years of age or older), conspiracy to commit CSC-I, MCL 750.157a(a); MCL 750.520b(1)(a) and (2)(b), three counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) (sexual contact with person under 13 years of age), and assault with intent to commit criminal sexual conduct involving penetration, MCL 750.520g(1). Defendant was sentenced to concurrent prison terms of 25 to 75 years for the CSC-I and conspiracy convictions, 5 to 15 years for the CSC-II convictions, and 5 to 15 years for the assault conviction. We affirm.

## I. BACKGROUND

This case arises from the extensive and horrific sexual abuse defendant and his wife committed against their son, AA. AA was six years old when the offenses occurred and 17 years old at the time of trial. During the trial, AA described being sexually abused by his biological parents on basically a daily basis. School personnel noticed that AA engaged in highly sexualized behavior wholly atypical for a six-year-old child. Several individuals testified about disclosures AA made to them regarding the sexual abuse. AA's adoptive mother testified with respect to how AA continues to struggle with severe anxiety resulting from the childhood abuse and trauma.

## II. HEARSAY

Defendant contends that there were six instances during the testimony of four witnesses in which inadmissible and prejudicial hearsay was admitted into evidence; therefore, he is entitled to

-1-

a new trial. First, defendant challenges testimony by Mindy Czinder, a Department of Health and Human Services caseworker, that AA told her that his biological mother inserted a 10-inch object, which he drew for Czinder, into his rectum while defendant watched. Second, defendant challenges testimony by Barbara Cross, a social worker who operated an outpatient mental health clinic, that AA "disclosed during [an] interview that mom put something in his butt and it really hurt." Third, defendant challenges testimony by Jennifer McInerney, AA's school teacher, that AA informed her that his biological parents rubbed a "pickle," which McInerney construed to mean a vibrator, all over AA's body. Fourth, defendant challenges Czinder's testimony that AA told her that his mother put lotion and her face on AA's penis. Fifth, defendant challenges McInerney's testimony that AA informed her that his mother put and rubbed lotion all over his body, including his penis, with defendant being present in the room. Sixth, and finally, defendant challenges testimony by Jennifer Atherton, AA's adoptive mother, that AA told her that his biological mother put lotion around her mouth so he could rub his penis on it.

"To preserve an evidentiary issue for review, a party opposing the admission of evidence must object at trial and specify the same ground for objection that it asserts on appeal." *People v Thorpe*, 504 Mich 230, 252; 934 NW2d 693 (2019). Defendant objected to the challenged testimony by McInerney and Atherton. Preserved evidentiary issues are reviewed for an abuse of discretion. *Id.* at 251. A trial court abuses its discretion when its decision falls outside the range of principled outcomes, and a ruling on a close evidentiary issue ordinarily cannot constitute an abuse of discretion. *Id.* at 251-252. The determination whether to admit testimony frequently involves preliminary questions of law, e.g., whether a rule of evidence bars admission, and questions of law are reviewed de novo. *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999). "No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of . . . the improper admission . . . of evidence, . . . unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice." MCL 769.26. Construing MCL 769.26, the *Lukity* Court held:

> [R]eversal is only required if . . . an error is prejudicial and . . . the appropriate inquiry focuses on the nature of the error and assesses its effect in light of the weight and strength of the untainted evidence. The object of this inquiry is to determine if it affirmatively appears that the error asserted undermines the reliability of the verdict. In other words, the effect of the error is evaluated by assessing it in the context of the untainted evidence to determine whether it is more probable than not that a different outcome would have resulted without the error. [Quotation marks, citations, and brackets omitted.]

Defendant's remaining hearsay challenges on appeal were not preserved. Unpreserved evidentiary arguments are reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Under plain-error review, a defendant must show that there was an error, that the error was clear or obvious, and that the error affected his or her substantial rights. *Id.* An error affects substantial rights when it results in prejudice to a defendant, which is established if the defendant satisfies the burden of demonstrating that the error affected the outcome of the lower court proceedings. *Id.* Additionally, reversal is only warranted when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when the error seriously affected the integrity, fairness, or public reputation of the judicial proceedings

independent of the defendant's innocence. *Id*. at 763-764. As to the unpreserved challenges, defendant bootstraps a claim that defense counsel was ineffective for failing to raise hearsay objections.

" 'Hearsay' is a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). "A 'statement' is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion." MRE 801(a). "Hearsay is not admissible except as provided by" the Michigan Rules of Evidence. MRE 802.

In very cursory fashion, defendant argues that the six instances of alleged hearsay in one way or another violated MRE 803A, which is often referred to as the tender-years exception to the hearsay rule.[1] MRE 803A provides, in pertinent part:

> A statement describing an incident that included a sexual act performed with or on the declarant by the defendant or an accomplice is admissible to the extent that it corroborates testimony given by the declarant during the same proceeding, provided:
>
> (1) the declarant was under the age of ten when the statement was made;
>
> (2) the statement is shown to have been spontaneous and without indication of manufacture;
>
> (3) either the declarant made the statement immediately after the incident or any delay is excusable as having been caused by fear or other equally effective circumstance; and
>
> (4) the statement is introduced through the testimony of someone other than the declarant.
>
> If the declarant made more than one corroborative statement about the incident, only the first is admissible under this rule.

First, defendant agrees that all six statements corroborated the testimony given at trial by the declarant, AA. Next, defendant argues that three of the statements—the first, second, and fourth—were made during forensic interviews that were focused on investigating defendant; therefore, the statements were not spontaneous. Defendant provides no elaboration or analysis; he simply concludes that they were not spontaneous. Defendant concedes that the three other "statements appear spontaneous." As indicated above, MRE 803A(2) requires that the statement be "spontaneous and without indication of manufacture." There is nothing in the record reflecting that the challenged statements were manufactured or not spontaneous. We reject defendant's

---

[1] Defendant also argues that none of the testimony fell within the catch-all exception to the hearsay rule, MRE 803(24), which permits the admission of a statement having "circumstantial guarantees of trustworthiness." It is unnecessary for us to reach this argument.

apparent contention that the statements were automatically unspontaneous and manufactured because they were made during forensic interviews. Regardless, defendant's failure to engage in any meaningful discussion and analysis amounts to an abandonment of the issue. See *People v Kammeraad*, 307 Mich App 98, 143; 858 NW2d 490 (2014) ("It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.") (quotation marks and citation omitted).

Next, defendant contends that the statements were not made immediately after the sexual abuse and that "[n]othing in the record excuse[d] the delay as having been caused by fear." Again, MRE 803A(3) requires the declarant to have made the statement immediately after the incident unless a delay was excusable "as having been caused by fear or other equally effective circumstance[.]" To the extent that AA did not make the statements immediately after the sexual abuse, we find that the record clearly supports a conclusion that any delay was excusable because AA was terrified of defendant. AA's teacher, McInerney, testified that AA once "curled up into a fetal position" and begged not to be sent home. AA's therapist, Cross, testified that AA "was terrified to go home." And AA's adoptive mother, Atherton, testified that AA was still suffering from anxiety related to the abuse at the time of trial—11 years after the sexual assaults. Accordingly, we reject defendant's argument that there was no excusable delay for reporting the sexual abuse.

As noted earlier, MRE 803A provides that "[i]f the declarant made more than one corroborative statement about the incident, only the first is admissible under this rule." With respect to this requirement, defendant argues in full:

> Even if one of the statements was properly admitted, the other five were not. Six corroborative statements were admitted. Any one of which, after the first, was improperly admitted under this exception to the general rule against hearsay.

We first note that the prohibition against more than one corroborative statement relates to a singular "incident." Defendant's own reference to the alleged hearsay statements reflects that they did not all pertain to the same incident. Defendant apparently believes, wrongly so, that any and all incidents of sexual abuse committed against a young child are treated as a singular incident for purposes of MRE 803A and the bar against multiple corroborative statements. Examining the six specific instances of alleged hearsay upon which defendant relies, while there are similarities between *some* of the disclosed sexual acts, even then there are variations in what AA told the witnesses. It is impossible for us to discern whether any of the six described acts that were communicated to the four witnesses by AA concerned the same incident. AA testified that the sexual abuse took place "[b]asically every day." Statements about acts of anal penetration, for

example, could very easily have pertained to different acts occurring on different days. And defendant's woefully undeveloped and inadequate argument shines no light on the matter.[2]

In sum, defendant fails to demonstrate an abuse of discretion with respect to the preserved issues, plain error relative to the unpreserved issues, deficient performance by trial counsel in regard to the claims of ineffective assistance of counsel,[3] or prejudice in connection with the evidentiary and ineffective assistance arguments, assuming evidentiary error and deficient performance occurred.[4]

---

[2] We do reject the prosecution's argument that the testimony by Cross, a social worker and therapist, was admissible under MRE 803(4), which provides a hearsay exception regarding statements made for purposes of medical treatment or medical diagnosis in connection with treatment. See *People v LaLone*, 432 Mich 103, 109, 116; 437 NW2d 611 (1989) (concluding that statements made to a psychologist do not fall under MRE 803[4], as "[a] psychologist treats mental and emotional disorders rather than physical ones"); *People v Meeboer*, 181 Mich App 365, 370-371; 449 NW2d 124 (1989) ("On reconsideration, we find *LaLone* distinguishable from the instant case and not controlling. At the outset, we note *LaLone* involved hearsay statements made to a *psychologist*, not to a *physician*.").

[3] Whether counsel was ineffective presents a mixed question of fact and constitutional law, and factual findings are reviewed for clear error, whereas questions of law are reviewed de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). In *People v Carbin,* 463 Mich 590, 599-600; 623 NW2d 884 (2001), the Michigan Supreme Court recited the principles that govern a claim of ineffective assistance of counsel:

> To justify reversal under either the federal or state constitutions, a convicted defendant must satisfy [a] two-part test . . . . First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not performing as the counsel guaranteed by the Sixth Amendment. In so doing, the defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy. Second, the defendant must show that the deficient performance prejudiced the defense. To demonstrate prejudice, the defendant must show the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim. [Quotation marks and citations omitted.]

An attorney's performance is deficient if the representation falls below an objective standard of reasonableness. *People v Toma*, 462 Mich 281, 302; 613 NW2d 694 (2000).

[4] We note that AA testified that the sexual abuse included being forced to perform fellatio on defendant and cunnilingus on AA's biological mother, as well as being forced to engage in penile-

We affirm.

/s/ Christopher M. Murray
/s/ Jane E. Markey
/s/ Anica Letica

---

anal sex with his parents. None of defendant's particular hearsay challenges concern those acts of sexual abuse.